UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTONIO WHEELER and THOMAS KOVARI, | Case No. 2:24-cv-00547-GMN-EJY |
| Plaintiffs, | |
| v. | **ORDER** |
| ASTRAL HOTEL LAS VEGAS INC.; METROPOLITAN LAS VEGAS POLICE DEPARTMENT INC.; JIM GIBSON; CHAP EMERGENCY RENTAL ASSISTANCE PROGRAM INC., | |
| Defendants. | |

Pending before the Court is Plaintiff Antonio Wheeler's application to proceed *in forma pauperis* ("IFP"), Motion for Permission to Use and Register for Electronic Case Filing, and Complaint (ECF Nos. 1-1, 2, 6).[1]

**I.      Application to Proceed *in forma pauperis***

Plaintiff submitted the affidavit and documentation required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 6. Accordingly, the request to proceed *in forma pauperis* is granted below.

**II.      Plaintiff's Motion for Permission to Use and Register for Electronic Case Filing**

Under Local Rule IC 2-1(b), a "pro se litigant may request the court's authorization to register as a filer in a specific case." Plaintiff has submitted the requisite Consent for Electronic Service of Documents. ECF No. 4. Accordingly, his request for permission to use and register for electronic case filing is granted below.

---

[1] While the caption identifies Thomas Kovari as a plaintiff, the Complaint states Mr. Kovari has died. There is nothing in the Complaint indicating that Mr. Wheeler is the executor of Mr. Kovari's estate; thus, Mr. Wheeler cannot assert claims on Mr. Kovari's behalf. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020) ("a party cannot maintain suit on behalf of … a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit."). *See also Riley v. Greenpoint Mortg. Funding, Inc.*, Case No. 2:10-CV-1873-RLH-RJJ, 2011 WL 1979831, at *3 (D. Nev. May 20, 2011) (finding that claims on behalf of deceased person could only be asserted by the executor of that person's estate). Therefore, the Court treats Mr. Wheeler as the only plaintiff in this matter.

### III. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### IV. Analysis of Plaintiff's Complaint

Federal courts are empowered to *sua sponte* review whether a case establishes subject matter jurisdiction and dismiss a case when such jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th

Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). By seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

The Complaint filed by Mr. Wheeler indicates he, as well as Defendants Asher Gabay, Benny Zerah, Astral Hotels LV Inc., Jim Gibson, and CHAP Emergency Rental Assistance Program Inc. are Nevada residents. ECF No. 1-1 at 6. The Complaint further indicates Mr. Kovari was a Nevada resident (ECF No. 1-1 at 6); however, given that he is deceased his "citizenship is irrelevant when determining whether the controversy is between citizens of different States" for the purposes of 28 U.S.C. § 1332(a). *Ln Mgmt.*, 957 F.3d at 955 (internal quotation marks omitted). Based on the allegations presented, the Court finds Plaintiff does not plead complete diversity of citizenship required for diversity jurisdiction.

The Court further finds Plaintiff seeks relief solely under state law. *Id.* at 6-11. Plaintiff alleges no facts, even liberally construed, establishing a violation of federal law or the United States Constitution. *Id*. Accordingly, Plaintiff fails to establish federal question subject matter jurisdiction under 28 U.S.C. § 1331.

**V.     Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Antonio Wheeler's application to proceed *in forma pauperis* (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Permission to Use and Register for Electronic Case filing (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, but with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff Antonio Wheeler chooses to file an amended complaint, he must do so no later than **May 20, 2024**. Plaintiff's amended complaint must be complete in and of itself. The Court cannot refer to Plaintiff's original Complaint for any purpose when determining if the first amended complaint states a claim that may proceed in federal court.

Plaintiff's amended complaint must establish subject matter jurisdiction through establishing a federal question (a violation of a federal law or constitutional right) or diversity of citizenship. Plaintiff is further advised that he may bring his wrongful eviction claims in the Eighth Judicial District Court for Clark County, Nevada, which typically resolves disputes of the sort raised by Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with the terms of this Order may result in a recommendation that this action be dismissed without prejudice.

Dated this 22nd day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE